# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**KAREN RENEE SHAW**                                         **PLAINTIFF**

**v.**                                                   **No. 3:21cv252-JMV**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*                     **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

On June 25, 2020, Plaintiff protectively filed an application for SSI, alleging disability due to multiple impairments. Tr. at 80-82, 106-08, 234-40. After the agency denied Plaintiff's application initially and on reconsideration, Plaintiff requested an administrative hearing. Tr. at 135-42, 151-58, 160-61. Plaintiff and her attorney attended the administrative hearing before ALJ Roger Lott on April 1, 2021. Tr. at 33-56. After reviewing the evidence, the ALJ issued his decision

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

on May 5, 2021, concluding that Plaintiff was not disabled for purposes of the Act. Tr. at 16-27. The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date of June 25, 2020. Tr. at 19. At step two, the ALJ determined that Plaintiff's "obesity, gout, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, HIV, gastroesophageal reflex [sic.] disease (GERD), borderline intellectual functioning, and depression" constituted severe impairments. Tr. at 19. At step three, the ALJ concluded that Plaintiff's impairment or combination of impairments did not meet or medically equal a listed impairment for presumptive disability. Tr. at 19.

Next, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 416.967(a) except as limited by the following. The claimant can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently. During an eight-hour workday, she can sit for six hours and stand/walk for two hours. The claimant can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs as well as occasionally balance, stoop, crouch, kneel, and crawl. The claimant can frequently but not constantly handle, finger, and feel with both hands. She must avoid unprotected heights and hazardous moving machinery. The claimant can understand, remember, and carry out simple verbal instructions to perform simple, routine, repetitive tasks. She can sustain attend, concentrate, and persists on tasks for two-hour periods through an eight-hour workday with normal breaks. The claimant can occasionally interact with supervisors and coworkers but never with the general public. She can adapt to simple, infrequent changes that are introduced gradually.

Tr. at 21.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. at 25. At step five, considering Plaintiff's age, education, work experience, and RFC, and relying on VE testimony, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could

perform. Tr. at 26, 51-52. Accordingly, the ALJ determined that Plaintiff was not disabled for purposes of the Act, and therefore was not entitled to receive SSI during the relevant period, *i.e.*, from her application date of June 25, 2020, through May 5, 2021, the date of the ALJ's decision. Tr. at 27. On October 15, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's May 5, 2021, decision the Commissioner's final decision for purposes of judicial review pursuant to 42 U.S.C. § 405(g). Tr. at 1-6, 213-14, 216.

The Plaintiff raises the following issue for the Court's review: Does substantial evidence support the ALJ's step five finding that Plaintiff could perform work that existed in significant numbers in the national economy?

At the April 1, 2021, administrative hearing, the ALJ asked the VE whether a hypothetical individual with the same vocational profile and RFC as Plaintiff could perform work in the national economy. Tr. at 51-52. The VE responded affirmatively, and testified that such an individual could perform unskilled, sedentary work as an addresser, 71,000 addresser positions 32,000 final assembler positions *DOT* code 209.587-010; final assembler, *DOT* code 713.687-018; and a stuffer, 11,000 stuffer positions in the national economy DOT code 731.685-014. Tr. at 26, 52. The VE identified a specific number of positions in the national economy for all three job categories. Tr. at 52. The ALJ provided Plaintiff's attorney with an opportunity to question the VE regarding his testimony. Tr. at 54. She declined to do so. Tr. at 54.

But, on appeal Plaintiff argues that the ALJ erroneously relied on the VE's testimony because one of the jobs that the VE identified (addresser) is purportedly obsolete. *See* Pl.'s Br. at 4-6. And, after eliminating that job, the remaining jobs, comprising 43000 in the national economy, were either also unreliable (though for no specified reason) or of insufficient number to support the step five finding of non-disability. In support of this argument, Plaintiff relies on *Hardy v.*

*Commissioner*, 3:20-cv-88-DAS, 2021 WL 2695354 (N.D. Miss. Jun. 30, 2021) for the proposition that the addresser job is obsolete and on *Buggs v. Saul,* 3:20-cv-68-RP (N. D. Miss. 2021) for the proposition that after elimination of the addresser job, the remaining jobs – a collective 43,000 in number – are not of sufficient number to satisfy the standard of substantial jobs available in the national economy. As noted, plaintiff offers no reasons why these jobs, as distinct from the addresser job, would be unreliable.

The Commissioner, on the other hand, counters that even if the addresser job were found to be obsolete (and nowhere does the Commissioner argue to the contrary) there still remain 43000 jobs available in the national economy and under controlling authority that constitutes significant jobs in the national economy to support the ALJ's step 5 finding. The Commissioner points out that the Fifth Circuit applies the harmless error doctrine in Social Security disability cases. *See, e.g.*, *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). And, Plaintiff bears the burden of showing harmful error, *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), which he argues Plaintiff cannot do here, where the VE identified, and the ALJ relied, on two other job positions comprising 43000 jobs to support the step five finding. Tr. at 26, 52. *See Owen v. Kijakazi*, No. 21-60545, 2022 WL 118427, (5th Cir. Jan. 11, 2022) In particular, the Commissioner relies on *Lirley v. Barnhart*, No. 04-10427, 124 F. App'x 283, 284 (5th Cir. 2005) (unpublished) (declining to accept the plaintiff's argument that a cumulative number of jobs in the national economy was insufficient to satisfy the burden of proving a significant number of jobs and finding that substantial evidence supported the ALJ's decision where the VE identified 50,000 jobs in the national economy). The Commissioner also notes that other circuits throughout the country that have found fewer jobs constituted a significant number. *See, e.g., Sanchez v. Comm'r Soc. Sec*., 705 F. App'x 95, 98-99 (3d Cir. 2017) (18,000 jobs in nation was significant); *Taskila v. Comm'r*

*of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (6,000 jobs in nation "fits comfortably within" a significant number, and citing *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009) for holding 2,000 jobs in nation was significant); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (200 jobs in Iowa and 10,000 in nation was significant); *Gutierrez v Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (25,000 jobs in nation was significant, but "a close call"); *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (11,000 jobs in nation sufficient to support step five finding); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 935 (11th Cir. 2015) (per curiam) (440 jobs in Alabama and 23,800 in nation was significant).

Nevertheless, in arguing that there are not a significant number of jobs to support the step five finding, Plaintiff in the instant case questions the overall reliability of the VE's testimony. *See* Pl.'s Br. at 5. Specifically, Plaintiff asks this court to reject the entirety of the VE's testimony because the VE identified an allegedly obsolete job position. *See* Pl.'s Br. at 5. But, as the Commissioner notes, the Supreme Court has declined to impose a categorical rejection, and instead has concluded that the reliability of a vocational expert's testimony should be judged on a case-by-case basis. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019); *see also Owen*, 2022 WL 118427, at *3. In fact, the Fifth Circuit recently affirmed the Commissioner's step five finding notwithstanding that the VE identified the arguably obsolete addresser position because the VE identified two other positions that existed in significant numbers in the national economy. *See Owen v. Kijakazi*, No. 21-60545, 2022 WL 118427 (5th Cir. 2022).

Lastly, the Commissioner argues Plaintiff's attorney had the opportunity to cross-examine the VE at the administrative hearing regarding the reliability of the jobs identified but chose not to do so and she may not now do so. Tr. at 52-54; *see also Carey*, 230 F.3d at 146-47. *Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636, at *2 (5th Cir. June 6, 2008) (unpublished) (declining

to remand based on a conflict between the *DOT* and the VE's testimony because the claimant's attorney failed to cross examine the VE regarding the jobs at the administrative hearing); *Haas v. Barnhart*, No. 03-30403, 91 F. App'x 942, 948-49 (5th Cir. Mar. 4, 2004) (unpublished) (noting that the VE did not provide supporting authority for a distinction in exertional levels for the job positions but affirming the decision because the claimant did not raise the issue at the hearing and thus the VE's testimony was "clear and unchallenged").

On review here, I find that Plaintiff has demonstrated no reversible error. Indeed, leaving aside the issue of whether the addresser job is obsolete, the fact remains that the vocational expert – whose testimony was not challenged below at all by the Plaintiff's counsel – was to the effect that there are an additional 43,000 jobs available for plaintiff in the national economy. Even now, on appeal, Plaintiff has failed to offer any evidence, in this particular case, that this information regarding other jobs is unreliable or otherwise insufficient to satisfy the substantial evidence standard.

For the foregoing reasons, the Commissioner's decision is affirmed.

**SO ORDERED**, this the 11th day of July, 2022.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**